IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00424-BNB

REGINALD LAWRENCE HARRIS,
    Plaintiff,

v.

SERGEANT (FIRST NAME UNKNOWN) GUTIERREZ (CCCF),
CAPTAIN (FIRST NAME UNKNOWN) KOLHANDER (CCCF),
STAFF OFFICER (FIRST NAME UNKNOWN) HANBY (CCCF),
STAFF OFFICER (FIRST NAME UNKNOWN) PELSTER (CCCF),
STAFF OFFICER (NAME UNKNOWN) JOHN DOE (CCCF), and
(CCCF – Crowley County Correctional Facility)
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Reginald Lawrence Harris is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Harris has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his rights under the United States Constitution. He seeks damages as relief.

Mr. Harris has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the reasons stated below, the Court will dismiss the complaint and the action as legally frivolous.

The Court must construe the complaint liberally because Mr. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Harris contends that his constitutional rights were violated on May 16, 2008, when he was moved into a segregation unit cell at the Crowley County Correctional Facility. Mr. Harris specifically contends that Defendants violated various segregation unit policies and procedures when he was transferred to that unit. More specifically, Mr. Harris alleges that he was assigned to a segregation cell that did not have a working light, that he was placed in the cell and had his restraints removed without being subjected to a strip search, and that he later was given a roll of toilet paper upon request even though he still had not been subjected to a strip search. Mr. Harris asserts that, after it became dark and he realized the cell did not have a working light, he asked to be moved to a different cell and refused to submit to a strip search until he was moved to a different cell. Mr. Harris maintains that he was denied a hot meal after he refused to submit to a strip search.

Mr. Harris alleges that he submitted to a strip search and was moved to a different cell within the segregation unit after a shift change. According to an

"INMATE/RESIDENT-INCIDENT STATEMENT" written and signed by Mr. Harris that is attached to the Prisoner Complaint, Mr. Harris spent a total of three and one-half hours in the first segregation unit cell that lacked a working light prior to the shift change and his move to a different cell. Although Mr. Harris states in the attached incident statement that he was provided a cold food tray when he was moved into the new cell after the shift change, he asserts that the cold food tray was inedible and that he was denied an edible meal for a total of seventeen hours until breakfast was served the next morning.

As noted above, Mr. Harris asserts his claims in this action pursuant to 42 U.S.C. § 1983. Under § 1983, Mr. Harris must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mr. Harris specifically claims that his Eighth Amendment rights were violated when he was placed in a segregation unit cell in violation of segregation unit policies and procedures for three and one-half hours and when he was denied an edible meal for seventeen hours. Mr. Harris also claims that his due process rights were violated when the segregation unit officers failed to notify the shift commander of the relevant facts before forcing Mr. Harris to remain in a cell without a working light for three and one-half hours and denying him an edible meal for seventeen hours.

The Court first will address the Eighth Amendment claims. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm."

*Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Harris must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Harris must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

The facts alleged by Mr. Harris do not demonstrate that he suffered a sufficiently serious injury because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The fact that Mr. Harris was placed in a cell without a working light for three and one-half hours is not an extreme deprivation and did not deprive Mr. Harris of the minimal civilized measure of life's necessities. Defendants' alleged policy violations in failing to conduct a strip search when Mr. Harris' restraints were removed and providing him with toilet paper prior to conducting a strip search also did not deprive Mr. Harris of the minimal civilized measure of life's necessities. Finally, although adequate food clearly is protected by the Eighth Amendment, Mr. Harris' allegation that he missed one meal does not rise to the level of a constitutional violation.

The Court also finds that Mr. Harris fails to allege facts that demonstrate Defendants acted with deliberate indifference. Deliberate indifference means that "a

prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The facts alleged by Mr. Harris do not demonstrate that Defendants knowingly disregarded a substantial risk of serious harm to Mr. Harris.

The Court next will address the due process claim asserted by Mr. Harris. As noted above, Mr. Harris claims that his due process rights were violated when the segregation unit officers failed to notify the shift commander of the relevant facts before forcing Mr. Harris to remain in a cell without a working light for three and one-half hours and denying him an edible meal for seventeen hours. Construing the complaint liberally, it appears that Mr. Harris is asserting a procedural due process claim because he contends that he was entitled to a specific process before the allegedly punitive actions were taken. The specific process to which he contends he was entitled is notification of the shift commander.

The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The fact that Mr. Harris was forced to remain in a cell without a working light for three and one-half hours and was denied an edible meal for seventeen hours did not deprive him of life or property. Therefore, the due process claim Mr. Harris asserts in this action depends upon the existence of a constitutionally protected liberty interest.

Whether a constitutionally protected liberty interest exists depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. State law may create a liberty interest if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. *See id.* at 487.

The Court finds that the due process claim asserted by Mr. Harris lacks merit because he fails to demonstrate the existence of a constitutionally protected liberty interest. For the same reasons discussed above in the context of the Eighth Amendment claims, Mr. Harris fails to demonstrate the existence of a grievous loss. Mr. Harris cannot identify the existence of a liberty interest that arises directly under the Constitution and the conditions to which he was subjected are not atypical and significant in relation to the ordinary incidents of prison life. Therefore, the due process claim also lacks merit. Mr. Harris was not entitled as a matter of constitutional due process to have the shift commander notified before the allegedly punitive sanctions were imposed.

For these reasons, the Court finds that the facts alleged by Mr. Harris do not support an arguable constitutional claim. As a result, the complaint is legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __16__ day of __April__, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00424-BNB

Reginald Lawrence Harris
Reg No. 81710
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/17/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk